Executors of Williams *v.* Williams.

EXECUTORS OF WILLIAMS v. ELIAS WILLIAMS.

A note antedated, so as to entitle the payee to receive and demand more than legal interest, is usurious and void, under the statute, *Rev. Laws*, 269, *Section* 2.

This case was tried at a Circuit Court held at Newark, in April 1835, before Justice RYERSON. Under the direction of the Judge, and by consent of the respective parties, a verdict was rendered in favor of the plaintiffs, for the amount of the note with interest, subject to the opinion of the court at bar, upon a statement of facts, which is fully disclosed in the opinion of the court, delivered by the Chief Justice.

*W. Pennington*, for plaintiff, cited *Ord on Usury*, 33, 35, 38, 102, 103; 1 *Saund.* 295 *n.*; 1 *H. Bl.* 402; 1 *Johns. C R.* 13

*J. J. Chetwood*, for defendant, cited *Swartwout* v. *Payne*, 19 *Johns. R.* 294; *Jones* v. *Whitney*, 11 *Mass. R.* 74; *Pollard* v. *Schooley*, *Cro. Eliz.* 22; *Dunham* v. *Gould*, 16 *Johns. R.* 367, and *Comyn on Usury*, *Law Lib. No.* 15, *fol.* 59, 72, &c.

HORNBLOWER, C. J.  This action was brought on a promissory note, given by the defendant to the testatrix, for three thousand five hundred dollars, bearing date the 1st of May 1824, and payable one year after date, with interest.  It was proved, and the fact established on the trial, that the note, although dated before the 4th of July 1824, was not in fact made and signed, until the latter part of August in that year ; that it was so ante-dated that it might not be affected by the act of the legislature, then recently passed to change the rate of interest from seven to six per cent. and that the consideration of the note, was the amount of principal and interest due on a prior note, between the same parties.   It further appeared in evidence, that the defendant at first, objected to signing the note, on account of the rate of interest which it would carry ; but at length consented to do so, and did sign it, upon the testatrix threatening him with a suit for the debt which was the consideration of the note, unless he signed the same.

The cause was tried at the Essex Circuit, before Mr. Justice RYERSON—and a verdict taken for the plaintiff, for the amount of principal due on the note, with interest at 6 per cent. subject to the opinion of the court, upon the above facts.  And whether this was an usurious contract or not, is the question to be decided.

It is insisted on the part of the plaintiff, that the transaction was not usurious : 1st, because the note was taken for an ante-cedent debt, which was carrying seven per cent. interest.  And

2dly.   Because, whatever was the intention of the parties, the *legal effect* of the new note, was only to secure interest at the rate of six per cent. since it was in fact, a note made and signed after the 4th of July 1834.

If prior to the period, when the rate of interest was to be reduced, the defendant stood indebted to the testatrix upon a note or other security, carrying seven per cent. interest, she had a right to require him to make payment, or to liquidate the amount due, and give her a new security therefor, while yet the lawful interest was seven per cent.  If therefore it had appeared on the trial, that prior to the 4th of July 1824, the parties had agreed to come to an account, and that the defendant should prior to that day, and while it was yet lawful to contract

for seven per cent. give her a new note for the aggregate amount of principal and interest that might be found due, it would have been a lawful agreement; and if by any accident, it had not been carried into effect prior to the 4th of July 1824, it might have been lawfully executed at any time afterwards, convenient to the parties. It would not *then*, have been a security given in pursuance of a corrupt agreement, but the fair execution of a contract, lawfully made when it was made, though such contract could not now be entered into, by the parties.

But no such previous agreement was proved on the trial. The note in question was given on a contract *made* and *entered into* between the parties *after* the 4th of July 1824, and when it was *unlawful* to contract for more than six per cent. interest. What then was the contract entered into, between the parties, when the note in question was *actually* given? The defendant was indebted to the testatrix in the sum of three thousand five hundred dollars—she agreed to lend him that money for one year; or, which is the same thing, *Comyn on Usury, Law Lib. No.* 15, *folio* 59; *Cowp.* 112, 113; *Dewar* v. *Spann*, 3 *T. R.* 425, to permit him to retain it for that period, on condition that he would give her such a note, as would bear seven per cent. interest. He at first resisted, but under the influence of threats, and more probably his necessities, he at last complied— and actually gave her a note, which upon the *face* of it bears seven per cent. interest. It does not indeed contain the words " with seven per cent. interest," but that can make no difference, for a note dated to-day, payable *with interest* from date, is under the existing law, as much a note payable with six per cent. interest, as it would be, if in very terms it was so written. The note in question then, is a note on which a higher interest is " reserved," than is allowed by law, and is therefore void. *Rev. Laws*, 269, *Section* 2, *Harr. Comp.* 45.

It has been said, that though the testatrix intended to take a note at seven per cent. she in fact took one which can be made effectual only for six per cent. That is, she thought the rate of interest, would depend upon the *written* date, whereas in legal operation, it depends upon the time when the note was actually made. But this is to make the question of usury,

depend upon the *form* or *contents* of the instrument, instead of the purity or corruption of the agreement on which it was given. Besides, the proposition is not correct; she did take a note on which she might recover seven per cent. interest, by the judgment of the court, if the defendant did not interpose and defend himself by proving the truth of the transaction. Suppose she had taken a note dated after the 4th of July 1824, payable with seven per cent. interest, she would still have failed to take a note, on' which she could recover that rate of interest. True, such a note would have been *prima facie* usurious; but not conclusively so. If she could have proved that the note had been so written by mistake, and that the interest reserved by agreement, was only six per cent. she might still recover with that interest. And so in this case, it was as competent for the plaintiffs to prove that the note was actually given, and intended to be dated in August, as it was for the defendant to show, that it was not made on the day it bears date. Hence it follows, that whether usurious or not, does not depend on the form or legal efficacy of the instrument; but on the intention and agreement of the parties. That intention and agreement in this case, having been unlawful, the note was consequently void, and no recovery can be had upon *it.*

I do not say, that taking this note, by which it was intended to secure a premium beyond lawful interest, for the extended credit, vitiates and destroys the antecedent debt. I think it does not. *Grey* v. *Fowler*, 1 *H. Bl.* 402; *Floyers* v. *Edwards*, *Cowp.* 112; *Comyn on Usury*, *Law Lib. No.* 15, *folio* 75; *Swartwout* v. *Payne*, 19 *Johns. R.* 294; 1 *Saund.* 295 *a.*, and authorities there cited. But the verdict in this case, having been rendered on the note, must be set aside, and a judgment be entered for the defendant.

FORD, J. and RYERSON, J. concurred.

*Judgment for defendant.*

CITED in *Muir* v. *Newark Savings Institution,* 1 *C. E. Gr.* 540.